1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

SHELLEY M. DAY,                         )

11                                       )

         Petitioner,                 )       CASE NO.    C06-1560-TSZ-JPD

12                                       )                   (CR04-578-TSZ)

      v.                              )

13                                       )

14  UNITED STATES OF AMERICA,            )       REPORT AND RECOMMENDATION

                             )

15          Respondent.                )

16  _____ )

17                    INTRODUCTION AND SUMMARY CONCLUSION

18          Petitioner Shelley Day is a federal prisoner who is currently incarcerated at the Geiger

19  Correctional Center in Spokane, Washington.  She has filed a motion pursuant to 28 U.S.C. § 2255

20  seeking to vacate, set aside, or correct the sentence imposed upon her following her 2005 federal

21  conviction on a charge of bank fraud.  Petitioner has also filed three affidavits in support of her

22  motion.  Respondent has filed a response to petitioner's §2255 motion, and petitioner has filed a reply

23  brief in support of her motion.  After careful consideration of petitioner's motion, the briefs of the

24  parties, and the balance of the record, this Court concludes that petitioner's §2255 motion should be

25  denied.

26

REPORT AND RECOMMENDATION
PAGE - 1

FACTS

On December 28, 2004, a felony information was filed charging petitioner with two counts of bank fraud.  (CR04-578-TSZ, Dkt. No. 3.)  The information charged that over the course of approximately a year, petitioner executed a scheme to defraud the Asia Europe Americas Bank, and that during that period she received by fraudulent means loans totaling $1,535,500.  (*See id.* at 1-6.)  On April 29, 2005, petitioner entered a guilty plea to one count of bank fraud.  (*Id.*, Dkt. Nos. 7 and 8.)

Following entry of her plea, petitioner was interviewed by a United States Probation Officer for purposes of preparation of a presentence report.  The initial presentence report was prepared on July 1, 2005, and delivered to counsel for the parties.  (*See* Presentence Report at 1.)  Included in that report was the probation officer's computation of petitioner's offense level, as well as detailed descriptions of the offense and of petitioner's personal, professional, financial, and criminal history.  (*See* Presentence Report.)  The probation officer calculated a total offense level for petitioner of 21, which resulted in guideline range of 37 to 46 months given petitioner's lack of any criminal history points.  (*See id.* at 7-8, 9, 19.)  The probation officer recommended a sentence of 37 months imprisonment.

On August 22, 2005, petitioner's counsel sent a seven page letter to the probation officer in which he identified a number of corrections and clarifications to the report.  (*See* Dkt. No. 17, Ex. D.)  This letter became an attachment to the revised presentence report provided to the court and the parties in advance of sentencing.  (*See* Addendum to Presentence Report.)

On November 28, 2005, defense counsel filed a sentencing memorandum in which he argued that a sentence below the advisory guideline range was warranted, and he requested that the court

REPORT AND RECOMMENDATION
PAGE - 2

depart downward and/or grant a variance from the advisory guidelines by imposing a sentence of 12 months and one day in custody. (CR04-578-TSZ, Dkt. No. 12.) Petitioner's counsel identified three grounds for departure or variance: diminished capacity; aberrant behavior; and, coercion and duress. (*Id.*) Petitioner's counsel offered in support of his arguments for a reduced sentence the report of a psychologist who had evaluated petitioner in preparation for sentencing. (*See id.*, Attached Report.)

The government filed its sentencing memorandum on November 29, 2005. (*Id.*, Dkt. No. 13.) The government objected to the requests for downward departure identified in defendant's sentencing memorandum, but did recommend a sentence at the low end of the guideline range, 37 months. (*See id.*)

On December 1, 2005, the day before petitioner's sentencing hearing, petitioner's counsel filed a supplemental sentencing memorandum. (*Id.*, Dkt. No. 14.) The supplemental memorandum provided the court with additional letters of support and a list of petitioner's volunteer and charitable activities. (*Id.*) Counsel directed the court's attention in particular to a letter which described petitioner's efforts to help the Asia Europe Americas Bank recover its losses after the fraud was discovered. (*Id.*) Counsel also addressed in the supplemental memorandum an inaccurate statement contained in the justification section of the presentence report regarding petitioner's reasons for filing for bankruptcy. (*Id.*)

At sentencing, the court adopted the facts stated in the presentence report and made guideline computations consistent with those set forth in the presentence report. (*Id.*, Dkt. No. 23 at 3-4.) Before making these findings, the court inquired as to any objections to the facts stated in the report. (*Id.*) Petitioner's counsel acknowledged that they had presented objections and/or clarifications, but noted that none of those affected the guideline calculations in any way. (CR04-578-TSZ, Dkt. No. 23

REPORT AND RECOMMENDATION
PAGE - 3

1    at 3.)  The sentencing court then heard argument from counsel regarding the appropriate sentence.

2    (*Id*. at 4-19.)

3          Ultimately, the court rejected petitioner's requests for departure based on diminished capacity,

4

5    aberrant behavior, and coercion and duress.  (*Id*. at 20-24.)  However, the court did depart below the

6    guideline range and impose a sentence of only 30 months confinement based on the psychological

7    report provided to the court and the pressures defendant was under at the time of the offense.  (*Id*. at

8    26.)

9          Petitioner filed a timely notice of appeal on December 12, 2005.  (*Id*., Dkt. No. 17.)  However,

10   petitioner subsequently moved for voluntary dismissal of her appeal, and that motion was granted on

11   September 15, 2006.  (*See id*., Dkt. No. 28.)  On October 30, 2006, petitioner filed the instant § 2255

12   motion.  The briefing in this matter is now complete and petitioner's § 2255 motion is ripe for review.

13

14                                      DISCUSSION

15         Petitioner asserts in her § 2255 motion that counsel appointed to represent her in her federal

16   criminal proceedings, Peter Avenia, failed to provide effective assistance.[1]  (*See* Dkt. No. 1.)  While

17   petitioner presents a list of counsel's alleged deficiencies in her motion, she identifies no specific facts

18   in the motion itself to support her allegations.  This makes it difficult for the Court to address the

19   claims as they are asserted in the motion.  However, petitioner did submit in support of her motion an

20   affidavit which contains a more detailed description of her claims.  She identifies therein four

21   categories of claims/arguments: (1) lack of investigation and communication; (2) the plea; (3) the PSI

22

23

24   _____

25        [1]  Assistant Federal Public Defender Jay Stansell was appointed to represent petitioner on
     October 8, 2003, before any charges were filed against petitioner.  Charges were filed against
26   petitioner on December 28, 2004, and Assistant Federal Public Defender Peter Avenia substituted as
     counsel for petitioner on January 3, 2005.

REPORT AND RECOMMENDATION
PAGE - 4

interview; and, (4) sentencing.  While there is some overlap in petitioner's arguments, the Court will, to the extent possible, discuss petitioner's claims in relation to the four categories identified in the affidavit.[2]

Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*.  Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different.  *Strickland*, 466 U.S. at 688, 691-92.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential.  *Strickland*, 466 U.S. at 689.  There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance.  *Id.*  The Ninth Circuit has made clear that "[a] fair assessment of attorney performance requires that every effort by made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Campbell v. Wood*, 18 F.3d 662 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).

---

[2]  The government argues that at least some of petitioner's claims are procedurally barred. However, because it appears to this Court that all of petitioner's claims implicate her right to effective assistance of counsel, all claims are properly before the Court in this § 2255 action.  *See United States v. English*, 92 F.3d 909, 918 (9th Cir. 1996)("[i]neffective assistance of counsel claims are most appropriately raised in collateral habeas proceedings rather than on direct review. . . .")(citing *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991)).

REPORT AND RECOMMENDATION
PAGE - 5

1

2       The second prong of the *Strickland* test requires a showing of actual prejudice related to

3  counsel's performance. *Strickland*, 466 U.S. at 693.  The petitioner must demonstrate that it is

4  reasonably probable that, but for counsel's errors, the result of the proceedings would have been

5  different.  *Id*. at 694.  The reviewing Court need not address both components of the inquiry if an

6  insufficient showing is made on one component.  *Id*. at 697.  Furthermore, if both components are to

7  be considered, there is no prescribed order in which to address them.  *Id*.

8           **1.    *Lack of Investigation & Communication***

9           a.    <u>Lack of Investigation</u>

10      Petitioner contends that counsel rendered ineffective assistance when he failed to conduct any

11  investigation into mitigating circumstances or facts surrounding the case.  More specifically, petitioner

12  contends that counsel failed to obtain information regarding her history of psychiatric treatment or her

13  relationship with Ron Gilbert.  Petitioner suggests that such information would have revealed her state

14  of diminished capacity at the time of the fraud, and her motive and intent for committing the offense.

15  Petitioner also contends that counsel rendered ineffective assistance when he failed to conduct any

16  investigation into the true facts concerning the loans, the bank which gave her the loans, the collateral

17  pledged for the loans, the sale of her home, the purchase of the Dorland property, or her background.

18

19

20       While petitioner offers an extensive list of issues she believes counsel should have

21  investigated, she fails to show that additional investigation would have revealed any facts which

22  would have provided a viable defense to the charges filed against her, or would have in any way

23  affected the government's plea offer.  The record indicates that prior to the time Mr. Avenia entered

24  the case, petitioner had already admitted her conduct to the Federal Bureau of Investigation and had

REPORT AND RECOMMENDATION
PAGE - 6

provided a written statement.  (*See* Presentence Report at 6.)  While this does not necessarily relieve counsel of the obligation to conduct an independent investigation into the offense, it is incumbent upon petitioner at this stage of the proceedings to demonstrate how any failure to investigate worked to her detriment.  Nothing in the record before this Court suggests that further investigation into the fraudulent activity itself would have altered the outcome of the proceedings.

The same can be said about petitioner's allegations regarding her psychiatric history.  There is some evidence in the record concerning petitioner's psychiatric history in the form of a report of a Dr. Kimberly Barrett, the psychologist who evaluated petitioner prior to sentencing.  (*See* CR04-578-TSZ, Dkt. No. 12, Attached Report.)  The report addresses petitioner's mental health issues as they relate to her offense.  Nothing in that report suggests that there were any mental health issues which would have given rise to a defense to the actual charges against petitioner.  It appears that petitioner's mental health issues were, at most, sentencing issues which were raised and considered by the court at the time of petitioner's sentencing.

Petitioner fails to establish that her counsel's alleged failure to investigate resulted in any prejudice.  Accordingly, petitioner is not entitled to relief with respect to this claim.

    b.    Lack of Communication

Petitioner asserts that counsel was not responsive to her requests for information or her efforts to provide him with information, that counsel met with her infrequently, and that he denied or ignored requests for additional meetings.  According to petitioner, she met with counsel only twice prior to her plea hearing, and saw counsel on only one occasion between the date of her plea hearing and the date of her sentencing hearing several months later.  Petitioner also asserts that counsel failed to explain to her the elements of her offense, that he failed to meet with her to discuss sentencing strategy, that he

REPORT AND RECOMMENDATION
PAGE - 7

failed to provide petitioner with a copy of the sentencing memorandum before it was filed, and that he never provided her with copies of the supplemental sentencing memorandum or the psychological evaluation.

While it is evident from the record that petitioner had some communication problems with her counsel, and that counsel was perhaps not as responsive to her concerns as he might have been, petitioner makes no showing the these problems rise to the level of deficient conduct or that they prejudiced petitioner in any way. Accordingly, petitioner is not entitled to relief with respect to her claim based on lack of communication

### 2.    *The Plea*

Petitioner asserts that she was not mentally competent to enter a guilty plea and suggests that her counsel pressured her into pleading guilty. Petitioner contends that she was moderately to severely depressed at the time of plea negotiations and through the entry of her plea. She further contends that she advised her counsel repeatedly that she was having problems processing the charging document and the plea agreement, and that counsel failed to acknowledge or address these concerns. Petitioner asserts that the transcript of her plea hearing bears out her mental confusion. In fact, it does not.

The transcript of petitioner's plea hearing reveals that the court conducted a thorough colloquy during which petitioner was asked question regarding her ability to understand the proceedings. Early in the proceedings, the following exchange took place between petitioner and the court:

THE COURT:        And have you been treated recently for any mental illness or addiction to narcotic drugs?

DEFENDANT DAY: No.  Well, I –

REPORT AND RECOMMENDATION
PAGE - 8

1    THE COURT:        Pardon?

2    DEFENDANT DAY: I'm sorry.  No treatment for narcotic drugs.  Mental, I don't
3    know how recent is recent?

4    THE COURT:        Within, say, the last three weeks or month?

5    DEFENDANT DAY: No.  I see a minister through my church.

6    THE COURT:        Okay.

7    DEFENDANT DAY: On an ongoing basis.

8    THE COURT:        Okay.

9    DEFENDANT DAY: So –

10

11    THE COURT:        Is there anything that – do you have any trouble understanding
      the process –
12

13    DEFENDANT DAY: No.

14    THE COURT:         – we're going through today?

15    DEFENDANT DAY: No.

16    THE COURT:        Okay.  If you have any difficulty in understanding what we are
      going through today, then please let me know.  Will you?
17

18    DEFENDANT DAY: Yes, I will.

19    THE COURT:        And the reason I ask these questions, they are pretty standard
      questions – the reason I ask those is to make sure that you are competent to understand
20    the proceedings that are taking place today.  Okay?

21    DEFENDANT DAY: Okay.

22
      (CR04-578-TSZ, Dkt. No. 22 at 4-5.)
23

24          The court provided petitioner ample opportunity to raise any concerns regarding her ability to

25    understand the proceedings, and she raised none.  Petitioner's contention that she was not competent

26    to enter her plea is simply not borne out by the record.  Any suggestion that petitioner did not

REPORT AND RECOMMENDATION
PAGE - 9

understand the charges or the plea agreement, or that counsel coerced petitioner into pleading guilty, is also belied by the record. During the course of the plea hearing, petitioner acknowledged that she had had an opportunity to discuss the contents of the charging document with her attorney, that she understood the charge and the possible penalties, that she understood the terms of the plea agreement, that she understood her right to enter her plea before a district judge, and that she consented to enter her plea before the magistrate judge. (*See* CR04-578-TSZ, Dkt. No. 22.) Petitioner expressly denied that anybody had forced, threatened, or pressured her into pleading guilty. (*Id*. at 13.) Petitioner also acknowledged that the decision to plead guilty was hers alone. (*Id*.)

Petitioner's declarations that she understood the charges, that she understood and accepted the terms of the plea agreement, that she was not pressured into entering her plea, and that the decision to plead guilty was hers, which were all made in open court at the time petitioner entered her guilty plea, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner offers nothing in these proceedings to rebut this presumption. Accordingly, petitioner's claim that counsel rendered ineffective assistance in relation to her guilty plea must fail.

### 3.    The PSI Interview

Petitioner asserts that counsel rendered ineffective assistance in the pre-sentence investigation process. Specifically, petitioner asserts that counsel was ineffective when he refused to reschedule petitioner's initial interview with the United States Probation Officer. Petitioner contends that she advised her counsel that she was concerned about the initial presentence interview because it was scheduled for the same date as her psychological evaluation and because she was suffering from a depressed mental condition, but that counsel refused to re-schedule the meeting. Petitioner suggests that these factors resulted in a number of errors in the first draft of the presentence report and left the

REPORT AND RECOMMENDATION
PAGE - 10

probation officer with a negative impression of her.

Petitioner also asserts that counsel was ineffective when he failed to follow-up on her request for second a interview with the United States Probation Officer.  Petitioner contends that counsel's failure to schedule a follow-up interview deprived her of the opportunity to address the negative impression created during the initial interview and to provide evidence to aid in the correction of errors contained in the pre-sentence report.

Petitioner fails to demonstrate that counsel's lack of responsiveness to her concerns regarding the scheduling of the initial presentence interview, or his failure to follow-up an her request for a second interview, constituted deficient performance or resulted in any prejudice.  Nothing in the record suggests that petitioner's demeanor during the interview had any substantive impact on the probation officer's recommendation.  In fact, the probation officer recommended a low-end sentence for petitioner even though the presentence report suggests that petitioner's offense might typically warrant a recommendation for a high-end sentence.  (*See* Presentence Report, Sentencing Recommendation at 4.)

And, while petitioner was obviously concerned about errors contained in the initial presentence report, counsel did prepare a lengthy letter to the probation officer in advance of sentencing which identified a significant number of corrections and/or clarifications to the draft presentence report.  (*See* Dkt. No. 17, Ex. D.)  The record suggests that the information contained in that letter came from petitioner.  The probation officer, in her revised presentence report, acknowledged that she had received the letter, noted that several of the factual clarifications contained in the letter had been included in the revised presentence report, and advised that the letter was attached for the sentencing court's review.  (*See* Addendum to Presentence Report.)  It thus appears

REPORT AND RECOMMENDATION
PAGE - 11

that petitioner did have an opportunity to aid in the correction of errors even though the process did not involve a face-to-face meeting with the probation officer.

Petitioner fails to establish that counsel's performance with respect to the presentence investigation was constitutionally deficient.  Accordingly, petitioner is not entitled to relief with respect to this claim.

### 4.   *Sentencing*

Petitioner's final claim is that counsel rendered ineffective assistance at the sentencing hearing itself.  This claim contains several sub-parts which the Court will address individually below.

a.   Failure to Request a Continuance: Fed. R. Crim. P. 32

Petitioner asserts that counsel rendered ineffective assistance when he failed to seek a continuance of the sentencing date based upon two separate violations of Fed. R. Crim. P. 32. Petitioner maintains that in order to protect her due process rights, counsel should have requested a continuance based on the fact that the final presentence report was not issued seven days prior to sentencing as required by Fed. R. Crim. P. 32(g).  Petitioner also maintains that counsel should have requested a continuance based on the sentencing court's failure to ascertain whether or not she and counsel had both read and discussed the final presentence report, as required by Fed. R. Crim. P. 32(i)(1)(A), which she claims they had not.

As to the issue of the timeliness of the final presentence report, the record reflects that the final report was provided to the parties on Wednesday, November 23, 2005, and that petitioner was sentenced on Friday, December 2, 2005.  Respondent correctly points out that this represents a total of nine calendar days.  However, if the seven day time period provided for in Rule 32(g) is computed in accordance with the provisions of Rule 45 of the Federal Rules of Criminal Procedure, it appears

REPORT AND RECOMMENDATION
PAGE - 12

that petitioner is correct that the final presentence report was not timely.  Because of intermediate Saturdays, Sundays and legal holidays, it appears that the presentence report would have to have been submitted at least one day earlier, or November 22, 2005, to comply with the rules.  Put another way, based upon the date of submission of the presentence report, it appears that petitioner should not have been sentenced earlier than Monday, December 5, 2005.

However, while counsel may have had a basis for requesting a one day continuance of the sentencing hearing based upon the timeliness of the submission of the final presentence report, petitioner makes no showing that she was prejudiced by counsel's failure to request such a continuance.  Accordingly, this portion of petitioner's final claim must fail.

As to petitioner's contention that counsel should have requested a continuance based on the sentencing court's failure to confirm that she and counsel had read and discussed the presentence report, petitioner fails to demonstrate that the court's alleged failure to comply with rule 32(i)(1)(A) would have warranted any substantial continuance or that she was prejudiced by counsel's failure to request such a continuance.  Accordingly, this portion of petitioner's final claim must also fail.

      b.    <u>Failure to Ensure Compliance with Fed. R. Crim. P. 32(i)(3)(B)/Failure to Object</u>

Petitioner asserts that counsel rendered ineffective assistance when he failed to verify with the sentencing court that the disputed portions of the presentence report would not be considered by the court in issuing its sentence, or would not affect the sentencing, as provided by Fed. R. Crim. P. 32(i)(3)(B).  She further asserts that counsel erred when he failed to object to the court's references to disputed portions of the presentence report during sentencing and failed to request a continuance in order to obtain additional evidence regarding the disputed issues.

REPORT AND RECOMMENDATION
PAGE - 13

The errors which petitioner references would not have altered the guideline range for her offense.  It appears that the alleged errors were only relevant to the sentencing court's consideration of whether petitioner was entitled to a downward departure from the advisory guideline range based on the factors argued by counsel in defendant's sentencing memorandum.  The sentencing court's ruling on whether those departures were appropriate was based on several factors, and not merely the ones cited by petitioner as being erroneous.  Petitioner makes no showing that any additional evidence concerning the facts which she alleged to be erroneous would have altered the court's conclusion that the requested downward departures were not warranted.  Accordingly, petitioner is not entitled to relief with respect to this portion of her final claim.

      c.     <u>Failure to Request Continuance: Psychological Evaluation</u>

Petitioner asserts that counsel rendered ineffective assistance when he failed to request a continuance to allow the probation office an opportunity to review the psychological evaluation presented to the sentencing court.  It is apparent from the transcript of the sentencing proceedings that the psychological evaluation was available to, and considered by, the court at the time of sentencing.  (*See* CR04-578-TSZ, Dkt. No. 23 at 24 and 26.)  Nothing in the record suggests that the court would have deemed such a continuance necessary nor does petitioner explain what advantage might have been achieved by having the probation office review the report before sentencing.  Accordingly, this portion of petitioner's final claim must fail as well.

      d.     <u>Errors in Argument</u>

Petitioner asserts that counsel rendered ineffective assistance when he made errors in his oral presentation to the court at the sentencing hearing and when he failed to correctly explain to the court factors such as petitioner's motivation, her diminished capacity, and the abusive nature of her

REPORT AND RECOMMENDATION
PAGE - 14

relationship with Mr. Gilbert. However, petitioner offers nothing more than a list of counsel's deficiencies without offering any explanation as to how the alleged deficiencies affected the outcome of her proceedings. Petitioner fails to establish that any of these issues affected the outcome of her proceedings.

This Court notes, in fact, that petitioner's counsel obtained a good result for petitioner at sentencing. While petitioner's counsel was unable to persuade the sentencing court that a substantial departure from the guideline range was appropriate, the sentencing court did depart seven months below the low end of the guideline range based upon the psychological evaluation and the pressures on petitioner at the time of the offense. (CR04-578-TSZ, Dkt. No. 23 at 26.) These were all issues placed before the Court by petitioner's counsel. While petitioner is obviously not satisfied with the result, counsel's failure to obtain a better result does not mean counsel's conduct was constitutionally deficient. This portion of petitioner's final claim is without merit.

e.    Failure to Investigate/Discuss Factors for Departure

Petitioner asserts that counsel rendered ineffective assistance when he failed to investigate and/or discuss with her the various factors the court may consider in determining whether to depart below the guideline based on "aberrant behavior." More specifically, petitioner contends that counsel failed to investigate her mental and emotional condition at the time of the offense, he failed to discuss her employment record with her, he failed to discuss petitioner's record of prior good works, he failed to discuss petitioner's motivation for the offense, and he failed to discuss petitioner's efforts to mitigate the effects of the offense.

Much of the information which petitioner contends counsel did not investigate and/or discuss with her appears in the record that was before the court at the time of sentencing. The presentence

REPORT AND RECOMMENDATION
PAGE - 15

report contained information regarding her employment history (*see* Presentence Report), and the psychological evaluation contained information regarding petitioner's mental and emotional condition and also touched on the issue of motivation (*see* CR04-578-TSZ, Dkt. No. 12, Attached Report). Letters of support provided to the court in advance of sentencing addressed petitioner's volunteer and charitable activities, and a list of those activities was provided to the court with the supplemental sentencing memorandum.  (*See* CR04-578-TSZ, Dkt. Nos. 12 and 14.)  Also attached to the supplemental sentencing memorandum was a letter from an attorney who helped petitioner secure investment capital for her business which describes petitioner's efforts to help the defrauded institution recover its losses after the fraud was discovered.  (*See id.*, Dkt. No. 14, Letter of William H. Temkin, Jr.)

Petitioner fails to explain what additional information or evidence she believes would have improved the relatively good result obtained by counsel.  Because petitioner has identified no prejudice arising from the alleged deficiencies noted above, this portion of petitioner's ineffective assistance claim must fail.

<u>CONCLUSION</u>

Petitioner's various submissions in this actions contain many complaints regarding counsel's conduct throughout the course of his representation of petitioner.  This Court has attempted to address the substantive claims it was able to identify.  While certain arguments made by petitioner may not have been addressed directly, this Court has thoroughly reviewed all of petitioner's submissions and finds no evidence that petitioner's counsel rendered constitutionally deficient representation in any

REPORT AND RECOMMENDATION
PAGE - 16

aspect of petitioner's case.  Accordingly, this Court recommends that petitioner's § 2255 motion be denied.  A proposed order accompanies this Report and Recommendation.

DATED this 14th day of June, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 17